# SUPREME JUDICIAL COURT,

FOR THE

## MIDDLE DISTRICT,

### 1852.

## COUNTY OF LINCOLN.

### POTTER *versus* CUNNINGHAM.

Under the lease of a farm and stock of cattle, with stipulation that the rent should consist of a specified part of the products, *except the hay*, which should go wholly to the use of the lessor; the hay belongs exclusively to him though never delivered.

ON FACTS AGREED.

TRESPASS against the sheriff for taking the plaintiff's hay.

The plaintiff let a farm and stock of cattle to one Webber. The rent was to consist of a specified part of the products, (as more particularly stated in the opinion of the Court,) *except the hay*, "all of which was to be used on the farm for the stock." The lessee conducted the farm according to the lease, and fed out the hay to the cattle, until the 23d day of January, when a deputy of the defendant took the residue,

(ten tons,) upon an execution against the lessee.   This suit is brought to recover damage for that taking.

*Tallman* and *Booker*, for the plaintiff.

*Gilbert*, for the defendant.

Webber having the use of the farm, its annual crops and every thing proceeding from the farm, that might be lawfully severed by him, vested in him with the use ; and, after being severed from the land, became personal property residing in him, until it should be delivered to another, by virtue of some contract.   The hay, then, while in existence, was his property, remaining in his sole possession.   And the fact that he had promised Potter to use it in a particular manner,, could not divest the rights of creditors or purchasers.   The failure to perform may subject him to an action by the landlord, but cannot affect the rights of third persons.

Several cases have been decided upon these principles. That of *Turner* v. *Bachelder*, 17 Maine, 257, is in point. There is no possible distinction between that case and this.

The opinion of the Court, SHEPLEY, C. J., TENNEY, HOW-ARD, RICE and APPLETON, J. J., was drawn up by

RICE, J. — The contract between the plaintiff and Webber seems to have been very loose and inartificial in its terms. An examination of all its provisions and stipulations will however disclose the intention of the parties thereto with reasonable certainty.   The question to be determined is, in whom was the title to the hay at the time it was attached ?

By the terms of the contract, the plaintiff was to stock the farm with a yoke of oxen, and with cows and sheep.   Webber was to carry on the farm, and to keep this stock of cattle and sheep thereon, feeding them with the hay which it produced, and render to the plaintiff for the rent of the farm, one half of the wool, one half of the lambs that should come of the sheep, and one half of the productions of the cows and of the crops, except the hay produced on the farm, all of which was to be used on the farm for the stock.

It would seem to have been the intention of the parties to reserve to the plaintiff the hay produced on the farm for the use of his stock, and that Webber should render a personal service to him in feeding out the hay, having no other interest therein, than what he might be incidentally benefited by the increase of the stock. That this is the true construction of the contract is rendered more certain from the language used by the parties when speaking of the *rent* of the farm. After providing that Webber should feed the plaintiff's stock with the hay produced on the farm, they proceed to stipulate that he (Webber) shall "*render to the plaintiff for* the rent of the farm," &c., clearly showing that the possession of the crops and productions of the farm, except the hay, were to be in Webber, and that he was to *render* one half thereof for rent, while as to the hay he was simply to feed it out to stock of the plaintiff's, having no other control over it.

This construction is entirely consistent with the situation of the parties and the nature of the contract between them, which would seem to be rather a special agreement for carrying on the farm, than a lease in the technical sense of the term.

This case is distinguishable from *Turner* v. *Bachelder*, 17 Maine, 257, cited by plaintiff. In that case there was a lease for a term of five years. The lease provided that the lessor should "furnish four cows, one horse, and other stock sufficient to eat up all the hay that should grow on said farm," but contained no stipulation, like that in the case at bar, that the hay produced should be used on the farm for the stock of the lessor.

The case at bar more nearly resembles the case of *Lewis* v. *Lyman*, 22 Pick. 438, in which the lease contained a provision "that the hay and fodder should be fed out on the farm," the stock on the farm being the property of the lessor. The Court in that case held that the hay was not liable to attachment by the creditors of the tenant. We are therefore of the opinion that Webber had no attachable interest in the hay.

According to the agreement of the parties a default must be entered with damages to be assessed by a jury.